IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

V.                                 **CASE NO. 5:17-CR-50011**

**MICHAEL AUSTIN ROY**                                                          **DEFENDANT**

### ORDER

Before the Court is Defendant Michael Austin Roy's *pro se* Motion for Compassionate Release (Doc. 31) filed on October 4, 2022. On November 21, 2017, Mr. Roy was sentenced to 120 months in prison for online enticement of a minor. Mr. Roy states in his Motion that he has about three years remaining on his prison term and would like to be released early due to his young age, the fact that he has put great effort toward changing his life while incarcerated, and his desire to be at home with his family. Though the Court commends Mr. Roy on taking active steps to change his life while in prison, compassionate early release is unavailable for the reasons explained below.

A court may not modify a term of imprisonment once it has been imposed except when expressly permitted by statute or by Federal Rule of Criminal Procedure 35, which requires a motion of the Government. Pursuant to 18 U.S.C. § 3582(c)(1)(A), compassionate release may be warranted if the Court finds that: (1) there are "extraordinary and compelling reasons" to reduce the sentence; (2) the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable"; and (3) a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

Congress did not define the term "extraordinary and compelling." *See* 28 U.S.C.

§ 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific examples" of extraordinary and compelling circumstances. *Id.* The United States Sentencing Guidelines at Section 1B1.13(1)–(3) provide several criteria for determining whether "extraordinary and compelling" circumstances exist. Application Note 1(D) to Section 1B1.13 contains more specific examples, including a defendant's advanced age, his serious physical or medical condition, or his dire family circumstances. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In addition, the Application Note includes a "catch-all" provision that contemplates granting early release if a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" exists. *Id.* at cmt. n.1(D).

Mr. Roy has failed to meet his burden of showing an extraordinary and compelling reason to justify early release under § 3582. No Rule 35 motion has been filed by the Government. **IT IS THEREFORE ORDERED** that the *pro se* Motion for Compassionate Release (Doc. 31) is **DENIED**.

**IT IS SO ORDERED** on this 12th day of October, 2022.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE